**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

United States of America        **ORDER OF DETENTION PENDING TRIAL**
v.
<u>Garry Laverne Porter            </u>/        Case Number: 09-30436-10
         Defendant

    In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I – Findings of Fact**

❏    (1) I find that:
    ❏ there is probable cause to believe that the defendant has committed an offense
    ❏ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 or 846;
    ❏ under 18 U.S.C. § 924(c).

❏    (2) I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings**

❏ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

✓ I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II – Written Statement of Reasons for Detention**

✓ I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):
    ✓ (a) nature of the offense - Felon in possession of a firearm.
    ✓ (b) weight of the evidence - The evidence is strong. FBI has possession of the weapons sold by defendant to a cooperating individual.
    ✓ (c) history and characteristics of the defendant -
        ✓ 1) physical and mental condition - Chronic depression; under current treatment.
        ❏ 2) employment, financial, family ties -
        ✓ 3) criminal history and record of appearance - 1987 felony - attempt CCW; 1988 misdemeanor larceny.
    ❏ (d) probation, parole or bond at time of the alleged offense -
    ✓ (e) danger to another person or community - I view this defendant as a danger to the community, and especially to the cooperating witness. The charged conduct is firearms related, and defendant has a prior weapons felony conviction. The charged conduct is such that the identity of the witness is obvious to this defendant. He had declared that he retains possession of additional military style firearms for use in "jihad and the war." Source information reveals that this defendant was a regular member of Masdij Al-Haqq, and was called "Mujahid" by the deceased leader of the conspiracy, who was killed in a gun battle with federal agents. While this defendant has no history of conviction of a violent offense, the death of co-defendant Abdullah confirms the source information relating to the violent nature of the organization. That defendant is a long time educator does not bolster my confidence in his peaceful nature. When arrested on school property, he was in possession of two knives. This defendant is clearly well educated and intelligent. He could not have failed to recognize the fact that he is forbidden to possess firearms. I consider him a danger.

    Defendant faces a mandatory minimum sentence of ten years upon conviction. Pretrial Services recommended bond at the complaint stage, but reports that Defendant absconded from residential drug treatment, and attempted to smuggle drugs into the facility. He did seek a privately funded program, but that does not excuse his unauthorized departure. Pretrial Services now recommends detention.

**Part III – Directions Regarding Detention**

      The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

|  |  |
|---|---|
| Date: October 29, 2009 | s/Donald A. Scheer |
|  | *Signature of Judge* |
|  | Donald A. Scheer, United States Magistrate Judge |
|  | *Name and Title of Judge* |